**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| Dr. Katayoon Baradaran Ebrahimi, an individual, <br><br> *Plaintiff*, <br><br> v. <br><br> Sanford Clinic North, a/k/a Sanford Clinic , North Dakota Professional Health Program, and Windrose Recovery Chicago LLC, d/b/a, Positive Sobriety Institute, <br><br> *Defendants*. | Case No. 24-CV-56-PDW-ARS <br><br><br> **ARASH ARAMESH AND JOSEPH ANTHONY WHITCOMB'S MOTION TO WITHDRAW AS COUNSEL** |
| AND RELATED COUNTER-CLAIM | |

PLEASE TAKE NOTICE that undersigned counsel respectfully moves this Court, pursuant to D.N.D. Gen. Local Rule 1.3(F) and North Dakota Rule of Professional Conduct 1.16, for an Order permitting withdrawal as counsel of record for Arash Aramesh and Joseph Anthony Whitcomb (collectively, "Undersigned Counsel"). In support of this Motion, Undersigned Counsel state as follows:

I.   **INTRODUCTION**

Undersigned Counsel have served as attorneys of record in the above-captioned matter and have diligently endeavored to provide competent and zealous representation throughout the course of this litigation. It is with considerable reluctance that Undersigned Counsel now bring this Motion before the Court. However, circumstances have arisen that compel counsel to seek leave to withdraw from this representation. For the reasons set forth more fully herein, and in the accompanying Memorandum of Law filed contemporaneously herewith, Undersigned Counsel respectfully submits that withdrawal is both appropriate and necessary under the applicable rules governing professional conduct.

1

The Motion is **NOT OPPOSED** by Defendants Sanford Clinic North, North Dakota Professional Health Program, or Windrose Recovery Chicago LLC.

II.    **GROUNDS FOR WITHDRAWAL**

1.    The attorney-client relationship between Undersigned Counsel and Dr. Ebrahimi has deteriorated to such a degree that continued representation is not merely unreasonably difficult, but has become effectively impossible.  The fundamental trust and confidence that must sustain any productive attorney-client relationship has been irreparably compromised, rendering Undersigned Counsel unable to fulfill the essential duties owed to Dr. Ebrahimi as her legal representatives.

2.    This breakdown has materially impaired Undersigned Counsel's ability to provide the quality of effective representation to which Dr. Ebrahimi is entitled and which Undersigned Counsel's professional obligations demand.

3.    The North Dakota Rules of Professional Conduct ("Rule") establish the governing framework for attorney withdrawal. Under Rule 1.16(b)(6), "a lawyer may withdraw from representing a client if . . . the representation . . . has been rendered unreasonably difficult by the client."   Rule 1.16(b)(7) further provides that withdrawal is permitted where "other good cause for withdrawal exists." Undersigned Counsel submit that both provisions are satisfied here, as the circumstances underlying this Motion have rendered continued representation unreasonably difficult and have established good cause necessitating withdrawal.

4.    Undersigned Counsel are mindful of the obligation to maintain the confidentiality of attorney-client communications and to protect privileged information from disclosure. Accordingly, without disclosing the substance of any privileged communications or revealing the specific facts giving rise to the breakdown in the attorney-client relationship, Undersigned Counsel

represent to this Court that the circumstances underlying this Motion have rendered continued effective representation unreasonably difficult if not impossible.

### III.    COMPLIANCE WITH LOCAL RULE 1.3(F)

5.    Undersigned Counsel have fully complied with all procedural requirements governing motions to withdraw in this District. Pursuant to D.N.D. Gen. Local Rule 1.3(F), an attorney seeking to withdraw from representation must serve the client with the motion to withdraw and establish good cause for withdrawing.  Counsel has satisfied both requirements.

6.    In strict compliance with the service requirements of Local Rule 1.3(F), Undersigned Counsel are concurrently serving a true and correct copy of this Motion, together with all supporting papers, upon Dr. Ebrahimi by certified mail and e-mail.

7.    Additionally, Undersigned Counsel have taken all reasonable steps to ensure that Dr. Ebrahimi has actual notice of this Motion and the opportunity to respond or to obtain substitute counsel prior to any ruling by this Court.

### IV.    ABSENCE OF PREJUDICE

8.    Withdrawal at this juncture will not cause material prejudice to Dr. Ebrahimi or to any other party to this action.  The current posture of this litigation affords Dr. Ebrahimi adequate time to retain substitute counsel of her choosing or, alternatively, to proceed pro se should she elect to do so.

9.    Undersigned Counsel note that counsel for PSI, on January 14, 2026, already conferred regarding a Motion to Amend the operative Scheduling Order, therein seeking to extend: 1) fact discovery; 2) discovery motions; 3) expert disclosures; 4) dispositive and non-dispositive motions.

10.     Undersigned Counsel have made diligent efforts to minimize any potential disruption to the proceedings and stands prepared to cooperate fully with any successor counsel to ensure an orderly transition.

11.     Upon the Court's granting of this Motion, counsel will promptly provide Dr. Ebrahimi or her new counsel with all files, documents, and materials to which he is entitled, in accordance with counsel's continuing obligations under the Rules of Professional Conduct.

12.     Undersigned Counsel further represent that the granting of this Motion will not cause undue delay in these proceedings or otherwise prejudice the opposing parties. The interests of justice and the integrity of the legal profession are best served by permitting withdrawal under these circumstances.

V.     **CONCLUSION**

For all the foregoing reasons, and for such other and further reasons as may appear to the Court upon consideration of the accompanying Memorandum of Law, Undersigned Counsel respectfully submit that withdrawal from this representation is warranted, appropriate, and necessary under the circumstances.

WHEREFORE, Undersigned Counsel respectfully request that this Honorable Court enter an Order:

a. Granting Joseph Anthony Whitcomb and Arash Aramesh leave to withdraw as attorneys of record for Dr. Ebrahimi in the above-captioned matter;

b. Directing that Dr. Ebrahimi shall have 21 days from the date of the Order to retain substitute counsel or to notify the Court of his intention to proceed pro se; and

c. Granting such other and further relief as the Court deems just and proper under the circumstances.

4

Dated this Friday, February 13, 2026

/s/ Arash Aramesh

Arash "Ari" Aramesh
State Bar of Texas No. 24107061
ARAMESH LAW, PLLC
9801 Bissonnet St., Suite K
Houston, Texas 77036
Tel: 713.929-9252
Email: aramesh@arameshlaw.com

Joseph A. Whitcomb
State Bar of Colorado No. 39742
WHITCOMB SELINSKY, PC
2000 S. Colorado Blvd. Tower One,
Suite 9500
Denver, Colorado 80222
Tel: 303.534.1958
Email: joe@whitcomblawpc.com

**Attorneys for Plaintiff Dr. Katayoon Baradaran Ebrahimi**

## CERTIFICATE OF SERVICE

This is to certify that on, February 13, 2026, a true and correct copy of the foregoing ARASH ARAMESH AND JOSEPH ANTHONY WHITCOMB'S MOTION TO WITHDRAW AS COUNSEL was served via the CM/ECF system to all counsel of record.

/s/ Arash Aramesh
Arash "Ari" Aramesh

5