**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| Dr. Katayoon Baradaran Ebrahimi, an individual, | Case No. 24-CV-56-PDW-ARS |
| *Plaintiff*, | |
| v. | **MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSE** |
| Sanford Clinic North, a/k/a Sanford Clinic , North Dakota Professional Health Program, and Windrose Recovery Chicago LLC, d/b/a, Positive Sobriety Institute, | |
| *Defendants*. | |
| AND RELATED COUNTER-CLAIM | |

PLEASE TAKE NOTICE that Undersigned Counsel, Arash Aramesh and Joseph Anthony Whitcomb (collectively, "Undersigned Counsel"), respectfully submit this Memorandum of Law in support of their Motion to Withdraw (the "Motion") as counsel for Plaintiff Dr. Katayoon Baradaran Ebrahimi ("Plaintiff").  This memorandum is filed pursuant to D.N.D. General Local Rule 1.3(F) and North Dakota Rule of Professional Conduct 1.16.

Throughout the course of this litigation, Undersigned Counsel have diligently endeavored to provide competent and zealous representation.  It is with considerable reluctance that counsel now bring this Motion before the Court.  Circumstances have arisen that constitute good cause for withdrawal because continued representation has been rendered unreasonably difficult and cannot continue consistent with counsel's professional obligations.

The Motion is **NOT OPPOSED by Defendants Sanford Clinic North, North Dakota Professional Health Program, or Windrose Recovery Chicago LLC.**

I.      **BACKGROUND**

1

1.      Undersigned Counsel have served as attorneys of record for Plaintiff in the above-captioned matter.

2.      The attorney-client relationship between Undersigned Counsel and Plaintiff has deteriorated to such a degree that continued representation is not merely unreasonably difficult, but has become effectively impossible.

3.      Without disclosing privileged communications or specific facts that would breach counsel's duty of confidentiality under North Dakota Rule of Professional Conduct 1.6, counsel represents to this Court that the circumstances underlying this Motion have rendered continued effective representation unreasonably difficult if not impossible.  Counsel is mindful of the obligation to maintain the confidentiality of attorney-client communications and to protect privileged information from disclosure, and accordingly limits the factual recitation herein to that which is necessary to establish good cause for withdrawal without revealing the substance of any confidential communications.

4.      Undersigned Counsel have diligently attempted to resolve the differences giving rise to this Motion but have been unable to do so and do not believe further efforts would be fruitful or in the best interests of the parties.

5.      Undersigned Counsel notified Plaintiff of the intent to file the Motion as early as January 19, 2026.

**ARGUMENT**

I.      **The Governing Legal Framework Authorizes Withdrawal.**

    A. **North Dakota Rule of Professional Conduct 1.16 Establishes the Standards for Permissive Withdrawal.**

North Dakota Rule of Professional Conduct 1.16 establishes the governing framework for attorney withdrawal.  Under Rule 1.16(b)(6), "a lawyer may withdraw from representing a client

if . . . the representation . . . has been rendered unreasonably difficult by the client." Rule 1.16(b)(7) further provides that withdrawal is permitted where "other good cause for withdrawal exists." The official commentary to Rule 1.16 confirms that "[a] lawyer may withdraw from representation in some circumstances" and that "[t]he lawyer has the option to withdraw if it can be accomplished without material adverse effect on the client's interests." N.D. R. Prof'l Conduct 1.16 cmt. 8. The commentary further recognizes that withdrawal is appropriate when "the client insists on taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." *Id*.

Counsel submits that both provisions—Rule 1.16(b)(6) and Rule 1.16(b)(7)—are satisfied here. The circumstances underlying this Motion have rendered continued representation unreasonably difficult and have established good cause necessitating withdrawal.

**B.  D.N.D. General Local Rule 1.3(F) Requires Good Cause for Withdrawal.**

This District's local rules provide the standard for attorney withdrawal when there is no ready substitute counsel.  Pursuant to D.N.D. General Local Rule 1.3(F):

> An attorney who has appeared as attorney of record in a case and is seeking to withdraw from the case must serve and file a motion to withdraw, establishing good cause for withdrawing. The attorney seeking to withdraw must also serve his or her client with the motion. The attorney seeking to withdraw is not relieved of his or her duties to the court, the client, or to an opposing attorney until the court has granted the motion to withdraw.

Both D.N.D. General Local Rule 1.3(F) and North Dakota Rule of Professional Conduct 1.16(b) permit counsel to withdraw representation for "good cause." As demonstrated below, good cause exists for Undersigned Counsel's withdrawal.

**II.  The Breakdown in the Attorney-Client Relationship Has Rendered Continued Representation Effectively Impossible.**

**A. The Complete Deterioration of Trust and Communication Constitutes Good Cause.**

The attorney-client relationship between Undersigned Counsel and Plaintiff has deteriorated to such a degree that continued representation is not merely unreasonably difficult, but has become effectively impossible.  The fundamental trust and confidence that must sustain any productive attorney-client relationship has been irreparably compromised.

Courts in this District have consistently recognized that a breakdown in attorney-client communications, coupled with counsel's ethical obligations, constitutes good cause for withdrawal. In *Bird-Chase v. United States*, plaintiff's counsel maintained that "it has good cause to withdraw as 'continued representation has been rendered unreasonably difficult, may require action they have a fundamental disagreement with, and may result in a violation of the rules of professional conduct.'" 2023 U.S. Dist. LEXIS 90127, at *3 (D.N.D. May 23, 2023). In considering this position, this court was sympathetic to the "difficult situation in which Plaintiff's counsel [found] themselves." *Id*. at 6. As a result, the court permitted plaintiff's counsel to withdraw, notwithstanding the fact that [a]llowing Plaintiffs' counsel to withdraw and extending the pretrial deadlines may create some inconvenience in the short term for the United States." *Id*. at 7.

B. **Counsel Cannot Provide Effective Representation Consistent with Professional Obligations.**

The circumstances presented here have materially impaired counsel's ability to fulfill the professional obligations owed to Plaintiff. An attorney's effectiveness depends upon the existence of a working relationship of trust with the client. When that relationship has completely broken down, the attorney cannot perform the duties required by the Rules of Professional Conduct.

In *Dundon v. Kirchmeier*, counsel moved to withdraw based on the following grounds:

Irreconcilable differences have arisen between [the client] and Plaintiffs' attorneys in this matter causing an irretrievable breakdown in the attorney/client relationship

and counsels' ability to represent the interests of other plaintiffs and the putative class.

2021 U.S. Dist. LEXIS 258308, at *5 (D.N.D. Aug. 18, 2021). Counsel further represented that they had "diligently attempted to resolve these differences with [the client] but have been unable to do so and do not believe further efforts would be fruitful or in the best interests of the parties." *Id.* The court granted counsel's motion to withdraw. *See Id.* at 6.

Similarly, in *Arnegard Holdings, LLC v. Tri-State Consulting Engineers, Inc.*, the court granted counsel's motion to withdraw after "conclud[ing] that an irreconcilable conflict exists between [counsel] and [client] and that the posture of the case is such that [counsel] should be permitted to withdraw." 2015 U.S. Dist. LEXIS 184966, at *1 (D.N.D. June 3, 2015)

Here, an irreconcilable breakdown has also occurred that prevents counsel from continuing effective representation consistent with professional obligations.

## III.    Counsel Has Fully Complied with the Procedural Requirements for Withdrawal.

Pursuant to D.N.D. General Local Rule 1.3(F), an attorney seeking to withdraw from representation must serve the client with the motion to withdraw and establish good cause for withdrawing. Counsel has satisfied both requirements.

In strict compliance with the service requirements of Local Rule 1.3(F), counsel is concurrently serving a true and correct copy of this Motion, together with all supporting papers, upon Plaintiff by certified mail and e-mail. Additionally, counsel has taken all reasonable steps to ensure that Plaintiff has actual notice of this Motion and the opportunity to respond or to obtain substitute counsel prior to any ruling by this Court. Moreover, as identified above, Plaintiff was informed of Undersigned Counsel's intention to file this Motion as early as January 19, 2026.

## IV.    Withdrawal Will Not Cause Material Prejudice to Any Party

5

Withdrawal at this juncture will not cause material prejudice to Plaintiff or to any other party to this action.  The current posture of this litigation affords Plaintiff adequate time to retain substitute counsel of her choosing or, alternatively, to proceed pro se should she elect to do so. Counsel has made diligent efforts to minimize any potential disruption to the proceedings and stands prepared to cooperate fully with any successor counsel to ensure an orderly transition.  Upon the Court's granting of this Motion, counsel will promptly provide Plaintiff or her new counsel with all files, documents, and materials to which she is entitled, in accordance with counsel's continuing obligations under the Rules of Professional Conduct. Furthermore, opposing counsel have already conferred regarding potential extensions to the scheduling order, which further demonstrates that withdrawal will not unduly delay proceedings or prejudice opposing parties.

**V.     The Interests of Justice Support Withdrawal Under These Circumstances**

The interests of justice and the integrity of the legal profession are best served by permitting withdrawal under these circumstances.  The Rules of Professional Conduct recognize that when an attorney-client relationship has broken down to the point that effective representation is no longer possible, withdrawal serves both the client's interests and the administration of justice. The official commentary to Rule 1.16 explains that "[w]hen a lawyer has appeared on behalf of a client, withdrawal ordinarily requires approval of the tribunal."  However, the commentary further states that "[t]he lawyer's statements that professional considerations require termination of the representation ordinarily should be accepted as sufficient." N.D. R. Prof'l Conduct 1.16 cmt. 4.

Accordingly, without disclosing the substance of any privileged communications or revealing the specific facts giving rise to the breakdown in the attorney-client relationship, counsel represents to this Court that the circumstances underlying this Motion have rendered continued effective representation unreasonably difficult if not impossible.

## CONCLUSION

For these reasons, counsel respectfully request that the Court grant the Motion to Withdraw.

WHEREFORE, Undersigned Counsel respectfully request that this Honorable Court enter an Order:

a.  Granting Joseph Anthony Whitcomb and Arash Aramesh leave to withdraw as attorneys of record for Plaintiff in the above-captioned matter;

b.  Directing that Plaintiff shall have 21 days from the date of the Order to retain substitute counsel or to notify the Court of her intention to proceed pro se; and

c.  Granting such other and further relief as the Court deems just and proper under the circumstances.

Dated Friday, February 13, 2026

*/s/ Arash Aramesh*
Arash "Ari" Aramesh
State Bar of Texas No. 24107061
ARAMESH LAW, PLLC
9801 Bissonnet St., Suite K
Houston, Texas 77036
Tel: 713.929-9252
Email: aramesh@arameshlaw.com

Joseph A. Whitcomb
State Bar of Colorado No. 39742
WHITCOMB SELINSKY, PC
2000 S. Colorado Blvd. Tower One,
Suite 9500
Denver, Colorado 80222
Tel: 303.534.1958
Email: joe@whitcomblawpc.com

**Attorneys for Plaintiff Dr. Katayoon Baradaran Ebrahimi**

## CERTIFICATE OF SERVICE

This is to certify that on, February 13, 2026, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF UNDERSIGNED COUNSEL'S MOTION TO WITHDRAW was served via the CM/ECF system to all counsel of record.

/s/ Arash Aramesh
Arash "Ari" Aramesh