**IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| Dr. Katayoon Baradaran Ebrahimi,<br><br>Plaintiff,<br><br>v.<br><br>Sanford Clinic North, a/ka/ Sanford Health, North Dakota Professional Health Program, and Windrose Recovery Chicago LLC, d/b/a Positive Sobriety Institute of Chicago,<br><br>Defendants. | Court File No.: 3:24-cv-00056-ARS<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL** |

Defendant Windrose Recovery Chicago LLC, d/b/a Positive Sobriety Institute of Chicago (herein, "Defendant" or "PSI"), by and through its undersigned counsel, for its Memorandum in Support of it Motion to compel production of signed medical authorizations by Plaintiff Dr. Katayoon Baradaran Ebrahimi ("Plaintiff") pursuant to Fed R. Civ. P. 37 Fed. R. Civ. P. 16(b)(4), states as follows:

**INTRODUCTION & BACKGROUND**

Defendant Windrose Recovery Chicago LLC, d/b/a Positive Sobriety Institute of Chicago ("PSI"), respectfully submits this Motion to Compel Plaintiff Dr. Katayoon Baradaran Ebrahimi ("Plaintiff") to execute revised medical record authorizations and provide confirmation regarding medical treatment, as directed by the Court during the January 28, 2026, conference (ECF No.

1

HB: 4909-4949-4664.2

68).[1] In the interest of judicial efficiency, PSI does not repeat the factual and procedural background already set forth in prior submissions, including PSI's January 27, 2026, Request for Conference Letter, and PSI's Pre-Conference Position Statement, but incorporates those filings herein by reference. *See* ECF No. 64; *see also* ECF No. 68-2.

Following the Court's clear instructions at the January 28, 2026, conference, PSI provided Plaintiff with revised, narrowed medical authorizations and a letter by email on January 29, 2026 *See* ECF No. 68; *see also* Miller Dec. ¶ 4 and **Ex. C**. These authorizations were specifically limited to medical records, billing records, and laboratory reports, in accordance with the Court's directives. *See* **Exs. A and B.**

During the January 28th conference, the Court ordered that the parties were to agree on a narrowed scope of records requested from Dr. Hon Ho and that Plaintiff was to provide verifications from Thriveworks and the University of Pennsylvania Health System that no other records exist. If the dispute was not resolved by February 13, 2026, the Court authorized PSI to file a motion to compel "one to two (1-2) weeks later." *See* ECF No. 68.

Plaintiff has failed to execute the revised authorizations or provide the requested confirmation regarding the absence of additional medical records from the University of Pennsylvania Health System and Thriveworks. Miller Dec. ¶ 7. On February 13, 2026, counsel to Plaintiff informed PSI that Dr. Ebrahimi was refusing to sign the authorizations. Miller Dec. ¶ 8. PSI now brings the instant motion to compel, per the Court's instructions.

PSI respectfully requests that the Court issue an order compelling Plaintiff to execute the

---

[1] True and correct copies of the revised authorizations are annexed as **Exhibits A and B** to the Declaration of Hattie Miller, dated February 20, 2026, in support of the instant motion (the "Miller Dec.") Unless otherwise stated, all exhibits referenced herein are annexed to the Miller Dec.

revised authorizations attached as **Exhibits A** and **B,** and to provide the required verifications set forth in the Court's minute entry (ECF No. 68) and described in **Exhibit C**. PSI further requests the Court order that if Plaintiff fails to comply with this directive, that her complaint as against PSI be stricken and PSI be dismissed from this matter.  PSI also requests that the Court award it the costs and reasonable attorneys' fees incurred in bringing this Motion to Compel.

In light of the Motion to Withdraw filed by Plaintiff's counsel's on February 16, 2026 (*see* Miller Dec. at ¶ 9), PSI asks that any hearing on this Motion to Compel be set no less than three (3) weeks from the date of filing, to allow Plaintiff time to retain new counsel and respond to this motion. Alternatively, PSI can be prepared to address the instant motion at the conference recently scheduled for March 12, 2026 at 9:00 a.m. *See* ECF No. 74.

### ARGUMENT

PSI is entitled to discover any information that is "relevant to any party's claim or defense and proportional to the needs of the case..." Fed. R. Civ. P. 26(b)(1). Here, Plaintiff is making a claim in this case arising under the Americans with Disabilities Act ("ADA"). *See* Count V of Plaintiff's Complaint. That alone makes her medical records relevant to this case and plainly discoverable under the Federal Rules of Civil Procedure. *See, e.g., Bharadwaj v. Mid Dakota Clinic, P.C.,* 2017 WL 11591196, at *6 (D.N.D. Mar. 9, 2017) (finding that plaintiff's "ADA claim puts his medical condition at issue. He alleges that [defendant] treated him as having a disability even though he did not. He must prove that [defendant] 'entertained misperceptions' about his medical condition. His actual medical condition is therefore a relevant subject of inquiry."). A party can be compelled to produce authorizations in order to obtain such records from her providers. *See, id.* (compelling the plaintiff to sign authorizations for the release of records from all facilities at which he has received medical care during the past ten years).

3

Following the January 28th conference, there can be no dispute that PSI is entitled to executed copies of the revised authorizations served by PSI on January 29th and the verifications that Plaintiff agreed to provide during the conference. The only reason this discovery has not been produced is because Plaintiff herself refuses to comply with the Federal Rules and this Court's directives. For that reason, Plaintiff should be given a final, court-ordered opportunity to produce the aforementioned authorizations and verifications or else have her claims against PSI stricken.

Rule 37 allows that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . (v) dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2). "The more severe sanctions of dismissal and default are, however, appropriately imposed only where failure to comply with a discovery order is due to willfulness, fault, or bad faith." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1155 (8th Cir. 1983). "To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co*, 559 F.3d 888, 899 (8th Cir. 2009) (internal citations omitted).

Here, all conditions have been met to justify the imposition of sanctions on Plaintiff. The Court directed Plaintiff to execute further revised authorizations on January 28, 2026, and Plaintiff has still refused to do so. Miller Dec., ¶ 7. In fact, on February 13, 2026 PSI was informed by Plaintiff's counsel that she was expressly refusing to execute authorizations, even after they were specifically tailored pursuant to the Court's direction, because she believes they are overbroad. Miller Dec., ¶ 8 and Ex. D. Plaintiff's refusal to obey the Court is clearly willful, and er bad faith is itself sufficient to warrant a sanction, and even dismissal of her claims. *Sentis Grp., Inc.*, 559

F.3d at 899 ("That is not to say that inherent powers are insufficient to justify the sanction of dismissal in an appropriate case if a court makes an express finding of bad faith.") [2]

PSI, moreover, has been and will continue to be prejudiced by Plaintiff's refusal to comply with her discovery obligations. A finding of prejudice "is proper if the failure to make discovery impairs an opponent's ability to determine the factual merits of a party's claim." *In re O'Brien*, 351 F.3d 832, 839 (8th Cir. 2003). If PSI is unable to review Plaintiff's medical and employment records, it will not be able to defend itself against Plaintiff's claims of emotional damages and economic harm. Moreover, PSI's repeated efforts to get Plaintiff to comply with her obligations – including numerous communications with Plaintiff's counsel, the prior conference with the Court and the instant motion itself – is prejudicial to PSI. *See Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000) (affirming discovery sanctions where plaintiff's "actions required the USPS to spend its time hounding her for releases the court had already ordered her to provide").

PSI is therefore asking the Court to give Plaintiff one final chance to comply with her discovery obligations. Any continued failure to comply with such order would clearly be willful on the part of Plaintiff and done in bad faith. PSI submits that should Plaintiff disobey an order of this Court to provide the signed authorizations, her claims against PSI should be dismissed.

Finally, because Plaintiff's refusal to execute the revised authorizations is not justified in any way, Plaintiff should pay PSI the costs incurred for filing this motion – including attorneys' fees – even if she does ultimately comply and produce the executed authorizations. As provided by Rule 37, "[i]f the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require

---

[2] Plaintiff's willful refusal to sign the authorizations apparently precipitated her counsel's motion to withdraw. Plaintiff's counsel has represented in the motion that he cannot continue to represent Plaintiff "consistent with counsel's professional obligations." *See* ECF No. 70.

HB: 4909-4949-4664.2

the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Here, PSI did attempt in good faith – repeatedly – to obtain the medical authorizations without court intervention (including via the pre-motion conference) and Plaintiff's refusal to provide the authorizations is not justified. PSI is therefore entitled to recover its costs and fees associated with this motion.

## CONCLUSION

For the foregoing reasons, PSI respectfully requests the Court enter an order providing the following relief:

(1) Requiring Plaintiff to provide PSI, within three (3) business days of such order, executed copies of the authorizations annexed to the Miller Dec. as Exhibits A and B;

(2) Requiring Plaintiff to provide PSI, within three (3) business days of such order, verification from Thriveworks that no additional records exist and verification that no additional records exist from the University of Pennsylvania Health System following her termination;

(3) Ordering that if Plaintiff fails to comply with the foregoing her claims against PSI shall be dismissed with prejudice upon motion by PSI;

(4) Ordering that Plaintiff pay PSI its costs and reasonable attorneys' fees incurred in connection with the instant Motion; and

(5) other such further relief as the Court deems just and proper.

Dated this 25th day of February, 2026.

HUSCH BLACKWELL LLP

*s/ Tina A. Syring-Petrocchi*
Tina A. Syring-Petrocchi (#05201)
80 S. 8th Street, Suite 4800
Minneapolis, MN 55402
Tel: 612.852.2700
Tina.Syring@huschblackwell.com
*Attorneys for Windrose Recovery Chicago LLC, d/b/a Positive Sobriety Institute of Chicago*

6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on February 25, 2026 via *CM/ECF*, on counsel of record.


By: *s/ Tina A. Syring-Petrocchi*
Tina A. Syring-Petrocchi (#05201)

HB: 4909-4949-4664.2